## In the Matter of the Abrogation of the Adoption of Judith A. Sherman, an Infant.

Surrogate's Court, Cortland County, January 29, 1948.

*Richard T. Mosher* for Lewis C. Sherman, petitioner.

*John T. Ryan* for Doris Sherman and another, respondents.

AMES, S. This is a proceeding under section 117 of the Domestic Relations Law to abrogate the adoption of a female child born October 17, 1946, by the petitioner, Lewis C. Sherman, and his wife, Doris Sherman, residents of the town of Truxton, Cortland County, New York. The petition alleges in substance that on or about June 17, 1947, the parties adopted the child by an order made in this court; that Mr. and Mrs. Sherman continued to live together until about October 1, 1947, when they separated; that following such separation and on November 10, 1947, the said Doris Sherman commenced proceedings in Children's Court of Cortland County to compel petitioner to contribute to the support of the child; that the surroundings of the child are not suitable in that immoral conditions exist in the home by reason of improper relations between the foster mother of the child and one Cooper, a boarder and roomer there; that petitioner is unable personally to provide the child with proper care and a suitable home. The relief requested is that the adoption be abrogated and terminated, the relationship created by the adoption annulled and the child placed in an institution or elsewhere for readoption. The answer by Mrs. Sherman denied

most of the allegations of the petition, admitting only the residence of the parties, the separation between them and the adoption of the child. The issues were brought on for a hearing on December 12, 1947.

On the hearing, the petitioner was his only witness. The substance of his testimony, insofar as it concerns the welfare of the adopted child, was that in conversations with Mrs. Sherman, she had admitted to him acts of infidelity with Cooper. No testimony was offered by others of a corroborative nature. No attempt was made by the witness to testify to one or more actual instances of infidelity on the part of his wife. The sole proof offered was the conversations mentioned.

Mrs. Sherman and Cooper both testified on the hearing. Each denied any improper relations and denied all admissions of infidelity alleged by Sherman. It appeared Cooper was a boarder and roomer at the home of Mrs. Sherman at the time she and Sherman were married, and had been for about four years; that he was approximately fifty-five years of age. It also appeared from the evidence of one Mrs. Robbins, a neighbor, that in her opinion the child was receiving good care.

Section 115 of the Domestic Relations Law sets forth the effect of adoption and provides, among other things, that the foster parents and the foster child shall sustain toward each other the legal relation of parent and child, and shall have all the rights and be subject to all the duties of that relation including the right of inheritance. The word ''duties'' here is important inasmuch as section 117 sets forth the grounds for an abrogation, and in each instance specifies the violation of some duty on the part of a foster parent or parents toward the child. A method is provided for abrogation by consent of all parties by section 116 of the law. A method is also provided by section 118 of this law for abrogation by reason of misbehavior of the child. But section 117 apparently remains the only section applicable for abrogation because of the violation of some duty owed by a parent or parents to the child. It would seem from a reading of the first paragraph of section 117 that it was not intended it should apply only to certain violations of duty on the part of the foster parent or parents to the child, but to all violations of such duties. And without going into detail as to all the duties of a parent or parents toward a child, it is sufficient to say for the purpose of this proceeding that one duty certainly is the maintenance of a good moral atmosphere in the home, to the end that the child may receive in all its tender years examples and teach-

ings that will tend to guide its thoughts and actions in the right direction.

Had there been competent and adequate proof in this matter that an immoral situation existed in the home, that an improper relationship existed between Mrs. Sherman and Cooper, this court would have no hesitancy whatsoever in immediately abrogating the adoption and forthwith removing the child from its surroundings. A situation of this nature would indicate such a low sense of morals on the part of the foster mother as to make her unfit to rear the child in question by teaching or example. A situation of this kind would be a violation, in my opinion, of a most important duty on the part of the foster parent, and one that would certainly come within the meaning and intent of subdivision e in the first paragraph of section 117 above referred to.

But it seems to me the proof offered here by the petitioner is insufficient to warrant such finding . Admissions by one spouse to another of acts of infidelity, wholly unsupported by other evidence and denied by the accused, fail to provide the certainty necessary to set aside an order as important as an order of adoption. Such an order is important, not only to the child but to the foster parents as well, and should not be lightly discarded on suspicion or because of some later disagreement between the foster parents.

In the course of the hearing it developed one Frederick Hiltz, who was the first husband of Mrs. Sherman and by whom she had three living children, and from whom she had procured a divorce some time between her marriage to Sherman, was living in the home and had been there for several months. The reason for his presence in the house, since terminated, appears to be somewhat obscure, but perhaps can best be found in his evidence given on the hearing to the effect he wanted to be near his children. In any event, and regardless of the ridiculous situation his presence there must have created, no claim is made that he interfered in any way in the household affairs nor that he was in any way involved improperly with his former wife.

There being, in my opinion, insufficient evidence here to warrant the relief requested, the proceeding is dismissed.